MATTER OF AZEVEDO

In Section 245 Proceedings

A-17265732

*Decided by Regional Commissioner June 25, 1970*

Absent a showing that a section 245 applicant denied adjustment of status on the basis of a Class "A" medical certificate issued by the U.S. Public Health Service was informed of her right to appeal such certification to the board of medical officers of the U.S. Public Health Service pursuant to section 234, Immigration and Nationality Act, the Regional Commissioner remanded the case to the District Director to afford applicant an opportunity to initiate, within 30 days of date thereof, such appeal.

ON BEHALF OF APPLICANT: Joseph L. Soares, Esquire
791 N. Cherry Avenue
Tulare, California

The District Director finds applicant ineligible for the status she seeks and certifies his order denying the application to the Regional Commissioner pursuant to 8 CFR 103.4. Counsel submits no brief or other written statement in rebuttal to the District Director's denial.

Applicant is a 57-year-old single female, native and citizen of Portugal. She first entered the United States as a visitor on September 2, 1966, received subsequent extensions of stay, and filed the instant application on February 19, 1968 as the beneficiary of an approved fifth preference immigrant visa petition filed in her behalf by her United States citizen brother on October 25, 1966. In connection with this application she was examined by the United States Public Health Service to determine her admissibility for permanent residence on medical grounds. On March 11, 1968 that Agency issued a Class "A" medical certificate stating that applicant is afflicted with a "Class A" condition, *i.e.*: Mentally retarded: feeble-mindedness, moderate. On the basis of this certificate and finding, the applicant is inadmissible for permanent residence under section 212(a)(1) of the Act. She resides with and is cared for by her relatives in this country but lacks

the qualifying relative to seek a waiver under section 212(g) of the Act to remove the bar to her admissibility as a lawful permanent resident alien.

We have reviewed the case and concur with the District Director in that at this point the applicant is not eligible for the resident alien status she seeks nor is she eligible to seek a waiver under section 212(g) to overcome the ground of her inadmissibility. However, we do not find that applicant was informed that she may appeal to a board of medical officers of the United States Public Health Service pursuant to section 234 of the Act from the Class "A" medical certificate which brings her within the class of excludable aliens found in section 212(a)(1) of the Act—see 8 CFR 235.6(b).

In view of the foregoing, we will remand the case to the District Director to afford the alien an opportunity to make the appeal provided for in section 234 of the Act.

**ORDER:** It is ordered that the application be remanded to the District Director for action not inconsistent with the above.

*It is further ordered* that if the applicant does not initiate the aforesaid appeal within thirty days of the date hereon, or states in writing that such an appeal will not be made, the order of the District Director dated April 23, 1970 denying the application be and the same is herewith affirmed.